## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FILED
U.S. DISTRICT COURT

2025 DEC -2  PM 2:20

S.D. OF N.Y.W.P.

asia Nitollano

_____

Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

J.P. Morgan Chase Bank, N.A

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

Do you want a jury trial?

☐ Yes    ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

| NOTICE |
|---|
| The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2. |

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

asia _____ M _____ Nitolland
First Name          Middle Initial          Last Name

1 Greyrock Place apt 1017, Stamford, Ct 06901
Street Address

Stamford _____ Ct _____ 06901
County, City          State          Zip Code

914-383-9726 _____ Nitolland1@yahoo.com
Telephone Number          Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:    JP Morgan Chase Bank, N.A.
                Name
                Corporation Service Company, 80 State Street
                Address where defendant may be served
                Albany          NY          12207
                County, City          State          Zip Code

Defendant 2:    _____
                Name

                _____
                Address where defendant may be served

                _____
                County, City          State          Zip Code

Defendant 3:

| | |
|---|---|
| Name | |
| Address where defendant may be served | |
| County, City | State | Zip Code |

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

JP Morgan Chase Bank, N.A
Name

17 washington ave,
Address

Pleasantville                NY                    10570
County, City                State              Zip Code

## III.    CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐    **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐    race:    _____

☐    color:    _____

☐    religion:    _____

☐    sex:    _____

☐    national origin:    _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☑ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _Shingles_

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.  Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐  did not hire me
- ☐  terminated my employment
- ☑  did not promote me
- ☑  did not accommodate my disability
- ☑  provided me with terms and conditions of employment different from those of similar employees
- ☑  retaliated against me
- ☑  harassed me or created a hostile work environment
- ☐  other (specify): _____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

January 18th, 2023 I was concerned that I may have shingles and informed my manager Elizabeth Fonvil Volutaire that I will be leaving to go to the doctor to check. When I came back I was informed she told all the staff to stay away from me because I am contagious. Employee Yariza Bentances told this to me. My manager came to my office making it a point to tell me she is staying away from. That she told her Boss Kenneth Fitzpatrick about me having shingles,

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

and he advised her to walk away from me and call the doctor for Chase. She told me she already called the doctors for Chase and they will let her know what to do with me. Either to send me home or not. I told her first of all you didn't even ask what my doctor told me and he did tell me I do not have Shingles. She told me that I don't know that. I told her to please leave my office this conversation is over and I will be calling the HR deptartment to see if your actions are valid. I called Hr and they said they would never say or do that and I should file a report. I then wrote an email to the market direvter Kenneth Fitzpatrick explaining the situation the same day. He then held a meeting with all 3 of us the following week and stood by everything my manager said. He mocked me and tried to manipulate me saying is that what I percieved to happen. I told him as well that he was acting completly unprofessional, getting upset and turning red a mocking me and this conversation was over and that I will be escalating it to HR. He threatened me that I better continue to perform and I asked him if that was a threat? He said I am just telling you. I filed with Hr on January 18th, 2023 and wrote an email as well to the regional director Cynthia Frederick explaining the situation and to step in. The case took about 2 months, in which I had to endure

retaliation history aspartate a fair appraised to be promoted in February and that did not happen. She told my earnings for the month in front of the whole staff in which I told HR. She also was speaking to me in an uprofessional manner and being mean and I told the market director in email. She also wrote me up for my computer access in which I told HR as well. Until they removed from my branch for 1 month for further investigation. In march I recieved a conclusion that my case was closed, everything I said was proven true by other employees and the matter has been addressed and they cannot tell me any further detail. I then recieved a call from HR and the Regional Director telling me the opposite that no one said my accusations were all true and that I need to make sure I listen to my managers and not take everything they say as retaliation. Then I filed with the EEOC, March 16th, 2023. Work was unbearable and I faced serious deppression and anxiety from the case not being handled properly and having to deal with the work environment with a hostile manager so I filed for a leave of absence starting 4/1/23. When I came back it was still ubearable and reqvested to switch branches and was transferred Oct. 9th, 2023

## V.     ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☑ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?     3/16/23

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☑ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?     9/11/25

When did you receive the Notice?     9/11/25

☐ No

## VI.     RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☑ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

It was a disability I didn't even have or how the company deals with disabilities. They did not fire the manager as they should, I lost a promotion, I had to take a leave of absence and had to transfer to a whole new branch and start from zero. I am suing for money for all of this that I had to deal and still evening having to go to court for ~~this~~ Justice for this as I have yet to recieve.

## VII.  PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 12/2/25 | Asia Nitellano |
| Dated | Plaintiff's Signature |
| asia | M | Nitellano |
| First Name | Middle Initial | Last Name |
| 1 Greyrock place apt 1017 | | |
| Street Address | | |
| Stamford | Ct | 06901 |
| County, City | State | Zip Code |
| 914 383-9726 | Nitellano1@ yahoo.com |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☑ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

# Employment Discrimination Complaint

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Plaintiff: Asia Nitollano
Address: 1 Greyrock Place Apt 1017, Stamford CT 06901
Email: Nitollano1@yahoo.com

Defendant: JPMorgan Chase Bank, N.A.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION (ADA & RETALIATION)

I. PARTIES
Plaintiff is Asia Nitollano, residing at the address above. Defendant is JPMorgan Chase Bank, N.A.

II. JURISDICTION & VENUE
This Court has jurisdiction under 28 U.S.C. §1331 and 42 U.S.C. §2000e–5(f)(3). Venue is proper because the discriminatory and retaliatory acts occurred in Westchester County, NY.

III. FACTS
– Plaintiff experienced potential medical symptoms on January 12, 2023, briefly left work for a doctor visit, returned with confirmation she did not have shingles.
– Plaintiff's manager treated her as contagious, instructed employees to avoid her, and contacted "Chase Doctors."
– Employees confirmed manager told them to stay away from Plaintiff.
– Market Director held a meeting where he mocked Plaintiff and minimized her concerns.
– Plaintiff reported misconduct to HR; retaliation followed including loss of promotion, hostile treatment, write-ups, and public disclosure of earnings.
– HR confirmed Plaintiff's account; manager was temporarily removed.
– Plaintiff filed an EEOC charge in March 2023.
– EEOC issued a Right-to-Sue letter on 9/11/2025.

IV. CLAIMS
1. ADA Disability Discrimination
2. ADA Regarded-As Disability Discrimination
3. Retaliation
4. Hostile Work Environment
5. Interference with Protected Rights

V. RELIEF REQUESTED
Plaintiff seeks compensatory damages, punitive damages, back pay, front pay, injunctive relief, and attorney's fees.

Plaintiff demands a jury trial.

I verify the above is true to the best of my knowledge.

X Asia Nitollano

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **520-2023-03374** |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Miss Asia M. Nitollano | (914) 383-9726 | |

Street Address

1315 Washington Blvd Apt 207

Stamford, CT 06902

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| JPMORGAN CHASE BANK | Under 15 Employees | (602) 221-4549 |

Street Address

35 WASHINGTON AVE

PLEASANTVILLE, NY 10570

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest: 01/12/2023    Latest: 01/12/2023 |
| Disability, Retaliation | |
| | Continuing Action |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

My employment with JPMorgan Chase started on 07/01/2019 as a Teller. Since then, I have been promoted to Relationship Banker. I believe I have been discriminated because of a perceived disability (shingles) and retaliation after filing a complaint with Respondents Human Resources.

On January 12th, 2023, I text my manager Elizabeth Fonvil-Voltaire that I needed to step out at 12 on to go to a doctor's appointment to check if I had shingles. When she came into work that day, she said nothing to me and stayed away from me. I saw her on the way out to the doctor and told her I was going, she again said nothing to me. When I came back from the doctor's office, she was behind the teller line with 2 other employees. I said hello, and no one said hello to me. I immediately felt there was something wrong. I went to my office and then a few minutes later, my manager finally made her way towards me. She opened my office doors using only 2 fingers and not her whole hand to avoid touching my office door, with disgust on her face, showing me, she was not trying to come near me. I said, "I dont have shingles you can stop acting like that." I told her my doctor said I dont have it and if I did, it would not be contagious anyways. She said my doctor is a liar and that she called the Chase Wellness doctors and told them I had shingles and that they were going to call her back and tell her what to do with me. I was very upset because she told the wellness line that I had shingles without even knowing if I did or not. I called our wellness number, and they told me that they would never say that, and that

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Miss Asia M. Nitollano**<br><br>08/07/2023 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Charging Party Signature* | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br><br>FEPA | 520-2023-03374 |

| **New York State Division Of Human Rights** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

I should call HR. Two other employees later came into my office telling me that she told them to stay away from me and that her manager, who is my director Kenneth Fitzpatrick, told her to tell them that. I wrote Kenneth an email of what happened, and he said he would come into the branch the following week.

Market Director Kenneth Fitzpatrick came into the branch on January 16th. He had a whole conversation with Elizabeth first and then came into my office with her and asked me to explain what happened. He immediately asked if that was my opinion about what happened. I said it was not my opinion - it was exactly what happened. He said, "well she said thats not what happened." I said, "of course she said that." He asked if I had thought about going to another branch. I was in shock and replied, "why would I have to go to another branch if she was one who did something." He started intimidating me by repeating the story I told him in a high pitch girls voice while mockingly shaking his head back and forth. I asked him if he was mocking me. He answered, "well you said it." I said, "this conversation is over, I clearly cant go to you for help when you do not even know how to behave like a professional." I said that I will be filing a case with HR against both - him and Elizabeth. He told me that they would be filing one too with employee relations as a threat. He also told me that Im still expected to do my job at the right level. I replied, "as if I dont? Or is that another threat?"

The next day, I wrote Kenneth an email because my manager began treating and talking to me unfairly because of the meeting we had prior. Kenneth did nothing, so I called HR. The lady who handled my HR case was Catherine Harling. I told her that I was scared of retaliation because I was supposed to be promoted in March to private client banker after being referred by my manager Elizabeth to Kenneth in December 2022. The proof I have for this is the Private banker plan I was enrolled in in January for the position. Catherine investigated my case. Two months later, she found that everything I said was true, with other employees admitting to it. She said she could discuss how they handled it and assured me they took action. I didnt agree with the actions because I felt that she should have been fired. I waited to the end of the month of March, the month I had been promised to see my promotion. I had 1900 PVCs in January, over 1200 in February and 1600 in March. I also had an FTI for each month. I was doing very well.

Elizabeth started to retaliate by giving the new relationship banker, a licensed banker for 3 months, work to get higher PVCs. She also promoted him to Manager on Duty when he had only been with Chase for 5 months. Meanwhile, I have been with Chase for 4 years.

The end of March came, and I wasnt promoted, nor did anyone say anything about my promotion. I reported this to Kenneth Fitzpatricks manager and my regional director Cynthia Frederick. She told me she would take care of it. After my HR case was concluded, another person from HR called me to talk about my actions and how I needed to act moving forward. I could not believe as I had done nothing. My manager was just found guilty for her actions. I felt attacked from all sides that my mental health suffere and I became severely depressed and had to take a 2-month medical leave from March 28 to May 15th. When I came back, still no one said anything about me being promoted.

I decided to transfer to another branch. I called HR to ask them the process and they informed I did not have to let my manger know as long as Ive been in the role for more than 6 months. I had applied for another branch in Fairfield Connecticut because I live in Connecticut. My current branch is in Pleasantville NY and was turned down. I called Kenneth to let him know I wanted to transfer, I was not happy at my branch, I wanted to go to branch where I could move forward, and I would like to do a relocation transfer to Connecticut where I now live. He said he would help, but he never did. A relocation transfer was never put in or discussed.

In June, my manager told me I had to fill out my development plan and I wrote how they promised me a promotion and have said nothing about it since. I filed an HR case against her. She actioned it as a goal in progress on July 5th, 2023, and said nothing about it. On July 21st she wrote unsolicited feedback saying that my PVCs in the past 3 months have averaged out to 580 a month and that why I havent been promoted. She included the 2 months I was out on leave from work in the average as a form of retaliation.

Based on the information above, I have been discriminated against, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Miss Asia M. Nitollano**<br><br>**08/07/2023** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE (*month, day, year*) |
| *Charging Party Signature* | |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Enclosure with EEOC Notice of Closure and Rights (05/25)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 520-2023-03374 to the District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 520-2023-03374 to the District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- **Only one** major life activity need be substantially limited.

- Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

**are not considered** in determining if the impairment substantially limits a major life activity.

- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/11/2025

**To:** Miss Asia M. Nitollano
     1315 Washington Blvd Apt 207
     Stamford, CT 06902
Charge No: 520-2023-03374

EEOC Representative and email:   MICHELL CHANGQUI
                                    INVESTIGATOR
                                    MICHELL.CHANGQUI@EEOC.GOV

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2023-03374.

On behalf of the Commission,

Digitally Signed By:Arlean Nieto
09/11/2025
Arlean Nieto
Acting District Director

**Cc:**
John Singer
JPMorgan Chase
1111 Polaris Pkwy
Columbus, OH 43240


Please retain this Notice for your records.

JPMorgan Chase Leave of Absence Service Center
PO Box 14648
Lexington, KY 40512-4648



JPMORGAN CHASE & CO.

sedgwick®

**Web:** mysedgwick.com/jpmc
**Phone:** (888) 931-3100
**Fax:** (855) 800-5116
**Email:** leavedoc@sedgwick.com

April 15, 2023

Asia M. Nitollano
1315 Washington Blvd Apt 207
Stamford, CT  06902

We value your privacy. For more on what personal information we may collect, how we may use this information and other important areas relating to your privacy and data protection, please read our privacy notice www.sedgwick.com.



## JPMᴏʀɢᴀɴ Cʜᴀsᴇ & Cᴏ.
# DISABILITY PENDING AND LEAVE APPROVAL

**sedgwick**
caring counts

**Phone: (888) 931-3100 | Web:** mysedgwick.com/jpmc **| Fax: (855) 800-5116 | PO BOX 14648, Lexington, KY 40512**

April 15, 2023

Hello Asia Nitollano:

After review of the medical information provided, you are approved for your leave of absence. However, the medical information provided at this time does not support disability as defined by JPMorgan Chase's Short-Term Disability (STD) Plan.

**Unpaid Leave of Absence Determination**
- **Federal Family and Medical Leave Act Approved Dates:** April 1, 2023 through April 28, 2023 = 3.92 weeks. This will be counted against your Federal Family and Medical Leave Act entitlement given there are no changes to your leave.

JPMorgan Chase requires you to use your existing paid time off during your FMLA, state/local and company leave. This means that JPMorgan Chase will substitute your FMLA, state/local and company leave with your available sick, vacation, or other paid leave as required per JPMorgan Chase's leave policies. Any paid leave taken for this reason will also count against your FMLA, state/local and company leave entitlement.

**Short-Term Disability Benefits**
- **Your Claim Number: 4A2303P1N3L-0001**
- **STD Claim Status:** Pending completion of RN review

## Here's What You Need to Do:
- ☐ **Submit additional medical information that supports your disability as described above, by May 27, 2023.**

Please note your employee's PTO will be applied as appropriate, you do not need to code the timecard.

**If You Are Able to Return to Work**
- ☐ Notify your manager to make plans for your return to work and to discuss options available to you.
- ☐ On your first day back, notify the JPMorgan Chase Leave of Absence Service Center of your return to work by phone at (888) 931-3100 or claimlookup.com/jpmc.

**If You Need Additional Time Away from Work**
- ☐ If you are not able to return to work as planned or you need more time away from work, contact the (888) 931-3100 and your healthcare provider to request and obtain updated medical documentation.
- ☐ We will need updated medical documentation by **May 27, 2023** to be able to extend your time away from work and pay. You are responsible for any fees your healthcare provider may charge for medical documentation.

**Potential Pay Impacts!**
Delay in submitting required forms or other supporting medical documentation may cause you to miss pay and impact our ability to approve your benefits.

**How to Return Your Documents:**
   **Upload:** mysedgwick.com/jpmc**| Email:** Leavedoc@sedgwick.com**| Fax:** (855) 800-5116

**Need Additional Help?**

You can access your claim information 24/7 at www.mysedgwick.com/jpmc or by calling JPMorgan Chase Leave of Absence Service Center at (888) 931-3100. If you have any questions, JPMorgan Chase Leave of Absence Service Center representatives are available at (888) 931-3100 Monday through Friday between 8:00 a.m. - 8:00 p.m. Eastern Time.

Thank you,

JPMorgan Chase Leave of Absence Service Center

| | |
|---|---|
| SPANISH (Español): | Para obtener asistencia en Español, llame al [(888) 931-3100]. |
| TAGALOG (Tagalog): | Kung kailangan ninyo ang tulong sa Tagalog tumawag sa [(888) 931-3100]. |
| CHINESE (中文): | 如果需要中文的帮助，请拨打这个号码 [(888) 931-3100]. |
| NAVAJO (Dine): | Dinek'ehgo shika at'ohwol ninisingo, kwiijigo holne' [(888) 931-3100]. |



**JPMorgan Chase & Co.**
# What you need to do when returning from a leave of absence

**sedgwick**
caring counts

Phone: (888) 931-3100 | Web: mysedgwick.com/jpmc | Fax: (855) 800-5116 | PO BOX 14648, Lexington, KY 40512

During your current leave of absence, we were advised of your anticipated return-to-work date. If that date is no longer correct, please use the online portal at www.mysedgwick.com/jpmc to tell us the actual date you are planning on returning to work. You can also call us at (888) 931-3100.

Review the checklists below for what you need to do when returning from your leave of absence.

**When you are ready to return to work:**

☐ Use the online portal at www.mysedgwick.com/jpmc to confirm the date you plan to return to work. You can also call us at (888) 931-3100.

☐ Email or call your manager to let them know your return-to-work date and to understand any requirements for returning to work on-site. If you don't have their contact information, you can request it using the HR Answers app. Go to me.jpmorganchase.com, click the HR Answers app and select topics Leave of Absence > Other.

**On the day you return to work:**

☐ Use the online portal at www.mysedgwick.com/jpmc to confirm you have returned to work, as expected. You can also call us at (888) 931-3100.

**If you don't confirm your return to work date with both Sedgwick and your manager, your system access and pay will be impacted.**

☐ Re-enroll in any spending accounts you may have within 31 days of your return. Gotome.jpmorganchase.com> My Health > Benefits Enrollment > Go to Enrollment and then process the change on the Benefits Web Center.

**Dependent Care Spending Account (DCSA), Health Care Spending Account (HCSA), and Transportation Spending Account (TSA) contributions continue during Critical Caregiver Leave only.**

**If you need to extend your leave of absence:**

☐ Use the online portal at www.mysedgwick.com/jpmc to request an extension. You can also call us at (888) 931-3100.

☐ Email or call your manager to let them know you've requested an extension. If you don't have their contact information, you can request it using the HR Answers app. Go to me.jpmorganchase.com, click the HR Answers app and select topics Leave of Absence > Other.

**If you need a reasonable workplace accommodation to return to work:**

☐ Use the online portal at www.mysedgwick.com/jpmc to submit a request. You can also call us at (888) 931-3100. We'll work with your manager on the accommodation request.



Status
In progress

Target Completion Date
31-Dec-2023

Category
Teamwork and Leadership

Last Update
10-Mar-2023

**Goal Name**

3- Support

**Description**

Asia assisted a client while doing click to sign. Asia used her mouse to scroll for the client because the client could not scroll through the page. 8M explained to Asia it is against policy and procedure to touch mouse and keyboard during the click to sign process for a client.

Asia stated she was heling the client because she could not it. Explain to Asia the risk involved and we should not scroll for a client through click to sign or click for them.

Start Date
27-Jan-2023

Dimension
Client/Customer/Stakeholder

Target Completion Date
31-Dec-2023

Status
In progress

**Comments**

Observation for controls

chase answers for support and guidance

Coaching

Asia reported this to HR as this incident was reported an retaliation for calling HR on her manager

Words: 28 Characters (with HTML)

Status
In progress

Target Completion Date
31-Dec-2023

Category
Client/Customer/Stakeholder

Last Update
27-Jul-2023



## Goal Basic Info

### Notes

**For Me - View unsolicited feedback**

+ Ad

**AN**  Asia Nitollano
27-Jul-2023

Saying that I am averaging 580 PVCs in the rolling 3 months with out providing that I am have been out of leave for 2 and half months is inaccurate and purposely misleading. I received over 1900 PVCs in January, over 1200 in February and around 1600 in March before I left for leave in April and May. In June was my first full month back and I had to build my pvcs back up with out having help from the prior month as everyone does and it is now July and my pvcs are back where they were before I left 1200 and above.

JPMC Check-In 5-Jul-2023

**EF**  Elizabeth Fonvil-Voltaire
21-Jul-2023

**Business Results:**

- Scorecard Performance Level: currently FL 2 as of the May scorecard (4.25 from a PL 1). OSAT, FTI, Credit Card, and Digital success leading the way. Upside opportunity with Lending, and D&I.
- Branch Review Results: Effective Branch Review and 0 scorecard composite errors. with 3 CMR error rolling 3 months.
- Digital & Credit Card: nice job engaging clients to drive success with Digital. Watch out for Digital Trend in June. Still 400% just down from prior months.
- One Chase Partnerships and Results: Team is averaging 29 total referrals per month (13 PCA and 7 HLA). Continue work to enhance use of DNT with existing clients to uncover more needs and provide solutions. Using the needs, we uncover to provide FTI and lending solutions will help finish a PL 1.
- Discover Needs:    one exceed DNT for new clients. Leverage back up plans to avoid future misses. DNT with existing clients will be key in 2H.
- Banker Effectiveness: Asia averaging 580 rolling three months. Continue to leverage partners, asking open ended questions to discover additional opportunities. With consideration Asia was on LOA for a period of time but since back have been dedicated on getting back on track generating business.
- Actively manage banking relationship through an advice-based approach. ensuring each client receives the best products. services for their needs
- Partner with Specialists (Private Client Advisors, Mortgage Bankers and Business Relationship Managers). to connect customer to experts who can help them with specialized financial needs
- Demonstrated success using a value-added, relationship-oriented approach to acquire and deepen client relationships
- One year Branch Banking Banker, or equivalent experience in financial services, with verifiable success in new client acquisition, cultivating and maintaining customer relationship, and revenue generation

**Client Experience:**

- OSAT is 90 YTD with G%/T 96/91/95
- Continue to leverage daily calls for both experience and deepening opportunities. Building connections with clients for returning business and business growth.
- Continue walking lobby for client experience and assisting AB Line with client experience and questions.

**Teamwork and Leadership:**

- Integrate DNT process as part of core activities will help us continue our growth to PL 1 and discover more about our clients so we can involve the right partners to enhance relationship. Continue asking the right questions to involve the right partners and teamwork.
- leading from out front line to continue towards MOD and always making self-available to assist team and clients. Learning the ins and outs of branch controls, and dashboard for a sound CMR reporting.

JPMC Check-In 5-Jul-2023



**Development Intent**

### Goal Details

| | | | | |
|---|---|---|---|---|
| Active Goal | Yes | | Source | Worker |
| | | Start Date | 4-Jul-2023 | |
| Status | In progress | | Last Update | Elizabeth Fonvil-Voltaire 5-Jul-2023 |
| Priority | Medium | Actual Completion Date | | |
| Goal-specific Comments | | Target Completion Date | 30-Dec-2023 | |

There was a talk in October 2022 with my manager and market director that my goal to be a Chase Private Client should be meet in 6 months ( March 2022). Since then I followed my coaching from my manager and my pvc's increased and I I had an FTI for the month of December, January, February and March. There was a second talk in December 2022 with my manager telling my market director that I was ready to be Chase Private Client Banker right that moment and I was told by my market director he would let me know by February or march 2023 the latest. March came and I heard nothing back, as i have heard nothing about me becoming Chase Private Client since my HR case in January 2023. I then took a 2 month leave of absence and now since I have been back I have been trying to build back up since my leave. I wanted to start back with becoming MOD as I was told I would before I left and it still has not been initiated for me to do. I have continued back on my journey to make my calls and referrals. I have been booking appointments getting as many people in as possible , also referring to my Private Client banker as well as advisor. The one area I wish to work on is the business side of things as I have not received as many business accounts or had to refer. I will continue following steps that need to be taken to become Chase private Client

### RB to PCB Development Goal

Description | Bring your Development Goal to life by using the Description box to write a detailed description that defines your goal. Remember to be specific and record measurable actions that will help you achieve your goal. This might include:
- Identifying a learning opportunity for example an online training, in person virtual training etc.
- Identifying a coaching and/ or mentoring opportunity
- Gaining on the job experience/exposure. For example, volunteering for a stretch assignment or project

**Development Intent**

### Goal Details

| | | | | |
|---|---|---|---|---|
| | | | Source | Manager |
| Active Goal | Yes | Start Date | 31-Dec-2022 | |
| | | | Last Update | Elizabeth Fonvil-Voltaire 13-Jan-2023 |
| Status | In progress | Actual Completion Date | | |
| Priority | | Target Completion Date | 30-Dec-2023 | |
| Goal-specific Comments | | | | |

Continue to work closely with partners to grow the business and transition to becoming a PCB. Working with client to ask the right questions to discover outside opportunities

Strictly Private & Confidential. For JPMC Internal Use Only.



Hello,

I informed my manager Elizabeth yesterday that I needed to leave for the doctor to see if I had shingles, she said ok. Before I left she came in to the branch she did not acknowledge me or say anything to me. When I came back from the doctor, I again walked into complete silence with her behind the teller line, not a hello, not is everything ok? Sometime after she approaches my office door and makes it clear that she is staying away from me and I mentioned I am not diagnosed with it and that I asked my doctor if I did end up getting it is it contagious and could I be at work. I told my doctor said it is not contagious only to babies and only if it was exposed. She then proceeded to tell me that my doctor is a liar and that she spoke to the chase doctors and then say it was and she is waiting for them to call her to see what to do about my situation. So I called EAP to see if that were true and how could she call about something I am not diagnosed with and they told me that is not true at all. They are not allowed to say those things, they are there to provide services like therapy etc. they advised that I call HR right away, that they would never say something like that. I was also told that she told employees to stay away from me and that she told you about it and you told her to tell Yari to stay away from as well. I am done playing in this circus with her when she nice for a while and then acts inappropriate and tries to blame the employee for it. I will never let her make me feel like I am in high school again as she has yesterday, telling other employees that I had something I was yet to be diagnosed with, telling them to stay away from and keeping her distance from me and making me feel humiliated, uncomfortable and alienated. I let it go of it last time even after I told you what happened about what she said to me and you agreed that she said she did not say that to me but yet when she was done getting away with it with you she came into my office and apologized for what she did say to me. She has been complained d about before for her behaviors against employees and has gotten away with it and definitely feels that she will be protected by you. She had 3 employees complain about her on her review for December 2022 and luckily the PCA who has not been speaking to her for months was not included. I believe that she is the one who needs coaching. She needs to be monitored on the things she says and how she handles situations. I do not feel that she is in the position to coach other employees when she can not control herself or what comes out her mouth herself. If I sense any retaliation about this I will now have to report her, or any retaliation on my progress here at Chase as well or in my everyday work experience. Also if she proceeds to ask any employees if they said anything to me as well, I will have to report her. She creates the problems she has here in the branch herself and seems to be the common denominator. This needs to fixed and stopped and she should be provided coaching.

Best,
Asia

Asia Nitollano | Chase | Relationship Banker | NMLS ID 2351848 | 35 Washington Ave, Pleasantville, NY 10570 | asia.m.nitollano@chase.com | T: 914-801-1509 | Schedule a Meeting

Liz Fonvil-Voltaire | Branch Manager | elizabeth.fonvil-voltaire@chase.com | T: 914-769-1269









After yesterday's meeting with you and my manager Elizabeth and your unprofessional behavior with mocking me, I have decided that you are no longer a solution to solve this matter. You told me that what I believe to have happened was my own opinion and turned matters on me as me to post to another branch. The same suggestion was not offered to my manager Elizabeth which shows your bias in the situation. This is the second time I have come to you with a matter to help and you have turned things on me. On top having separate conversations with my manager prior and your only conversation with me was with her. You also proceeded to tell me you were the one who gave her the instruction to call EAP and tell employees to stay away from me and spread rumors that I had shingles and to alienate me for a condition I did not even have. You telling me to post at another branch feel is a form of retaliation as well as telling me once I did not agree with you that I am expected to still perform my job in which felt like a threat as if I haven't been. You have left me no choice feeling unsupported and unsafe by my manager and you my market director to take further actions with my resources with in Chase and legally outside of Chase. Have a good day.

Best,
Asia

Asia Nitollano | Chase | Relationship Banker | NMLS ID 2351848 | 35 Washington Ave, Pleasantville, NY 10570 | asia.m.nitollano@chase.com | T: 914-801-1509 | Schedule a Meeting

Liz Fonvil-Voltaire | Branch Manager | elizabeth.fonvil-voltaire@chase.com | T: 914-769-1269

If you have any questions, you can visit us on our Chase Mobile® app, on chase.com or contact me directly. Chase Mobile® app is available for select mobile devices. Enroll in Chase Online ℠M" or on the Chase Mobile® app. Message and data rates may apply.

Electronic Mail (E-mail) May Not Be Used for Trades, Transmission of Personal Information or Messages That Require Immediate Attention.

J.P. Morgan Wealth Management is a business of JPMorgan Chase & Co., which offers investment products and services through J.P. Morgan Securities LLC (JPMS), a registered broker-dealer and investment advisor, member FINRA and SIPC. Insurance products are made available through Chase Insurance Agency, Inc. (CIA), a licensed insurance agency, doing business as Chase Insurance Agency Services, Inc. in Florida. JPMS, CIA and JPMorgan Chase Bank, N.A. (JPMCB) are affiliated companies under the common control of JPMorgan Chase & Co. click Link to full disclosures



Hello,

My name is Asia Nitollano and I am a banker here at The Pleasantville branch. I would like to regarding a matter involving my manager Elizabeth Fonvil-Voltaire and my district manager Kenneth Fitzpatrick. If you could please let me know is there is a possibility for a meeting or to talk over the phone I would greatly appreciate as I am in a very uncomfortable situation at the moment.

Best,
Asia

Asia Nitollano | Chase | Relationship Banker | NMLS ID 2351848 | 35 Washington Ave, Pleasantville, NY 10570 | asia.m.nitollano@chase.com | T: 914-801-1509 | Schedule a Meeting

Liz Fonvil-Voltaire | Branch Manager | elizabeth.fonvil-voltaire@chase.com | T: 914-769-1269

If you have any questions, you can visit us on our Chase Mobile® app, on chase.com or contact me directly. Chase Mobile® app is available for select mobile devices. Enroll in Chase Online℠ or on the Chase Mobile® app. Message and data rates may apply.

Electronic Mail (E-mail) May Not Be Used for Trades, Transmission of Personal Information or Messages That Require Immediate Attention.

J.P. Morgan Wealth Management is a business of JPMorgan Chase & Co., which offers investment products and services through J.P. Morgan Securities LLC (JPMS), a registered broker-dealer and investment adviser, member FINRA and SIPC. Insurance products are made available through Chase Insurance Agency, Inc. (CIA), a licensed insurance agency, doing business as Chase Insurance Agency Services, Inc. in Florida. JPMS, CIA and JPMorgan Chase Bank, N.A. (JPMCB) are affiliated companies under the common control of JPMorgan Chase & Co. (See Link to full disclosure)

INVESTMENT AND INSURANCE PRODUCTS: • NOT A DEPOSIT • NOT FDIC INSURED • NOT INSURED BY ANY FEDERAL GOVERNMENT AGENCY • NO BANK GUARANTEE • MAY



Connect

**Chuang, Lori R (HR, USA)**
Required  Nitollano, Asia M (CCB, USA)

ention Policy  JPMC_Inbox_180 (6 months)

Please respond.

Tuesday, January 24, 2023 2:00 PM-2:30 PM    📍 Zoom Meeting ID: 332 123 2214    Dial In 1 646 876 9923  Zoom ID 332 123 2214

| 2 PM | HR Connect; Zoom Meeting ID: 332 123 2214    Dial In 1 646 876 9923  Zoom ID 332 123 2214 ; Chuang, Lori R (HR, USA) |
| 3 PM | |

**Please Accept meeting, or Decline meeting sending me a response as to why if you are not able to attend this time.**

Hi,

I would like to connect with you regarding an HR Inquiry you submitted.  If this time does not work please let me know. Please keep this confi

Thank you,
Lori

Case: **12446774-0**

Lori Chuang I  Associate I Employee Relations Partner I Employee Engagement Culture and Conduct I 1111 Polaris Parkway  Columbus, OH.  4:

For general HR help and resources, visit me@jpmc. If you need further assistance, submit your inquiry via the **HR Answers app.**



| pond | Quick Steps | ⤢ | Move | Tags | Find | Y Filter Email ⌄ |

## Meeting to Discuss Employee Relations Case No. 12433955-0

**VD** **Voice, Dan (HR, USA)**
Required   Nitollano, Asia M (CCB, USA)

Retention Policy   JPMC_Inbox_180 (6 months)

ⓘ Please respond.
This meeting has been adjusted to reflect your current time zone. It was initially created in the following time zone: (UTC-07:00) Arizona.

🕐 Friday, January 20, 2023 11:00 AM-11:30 AM     📍 Zoom Meeting ID: 962 768 7636

| 11 AM | Meeting to Discuss Employee Relations Case No. 12433955-0 : Zoom Meeting ID: 962 768 7636; Voice, Dan (HR, USA) |
| 12 PM | |

Open or upgrade an account David Villa
35 Washington Ave Pleasantville NY  10570

I'm using Zoom for my meetings.

Meeting ID: 9627687636

Join from PC, Mac, iOS or Android: https://jpmchase.zoom.us/j/9627687636

Visit http://go/zoominfo for everything you need to know. If you're sharing your remote workspace with a family member, a roommate or others, please ensure your work con
remotely.

Hello Asia,

My name is Dan J. Voice, and I am an Employee Relations Partner with the JPMC Employee Advocacy Team.  I have been assigned Employee Relations Case No. 1
issues with the date, time, or method of this proposed meeting, and I can revise the invite.

Thank you,

**Dan J. Voice| ER Partner | Employee Relations | Human Resources | JPMorgan Chase & Co. | 150 W University Dr, Tempe, AZ 85281 |dan.voice@jpmchase.com**

👤   For general HR help and resources, visit me@jpmc. If you need further assistance, submit your
inquiry via the HR Answers app.



Harling, Catherine (HR, USA)

Required  Nitollano, Asia M (CCB, USA)

tion Policy  JPMC_DeletedItems_7 (1 week)

his item will expire in 5 days. To keep this item longer apply a different Retention Policy.
Ve couldn't find this meeting in the calendar. It may have been moved or deleted.

Friday, February 03, 2023 11:00 AM-11:45 AM    ⊚ Dial-in: 888-575-5762 Passcode: 86005332 then #

AM    **Private Employee Relations Discussion**
Dial-in: 888-575-5762 Passcode: 86005332 then #; Harling, Catherine (HR, USA)

2 PM

Hello Asia-

My name is Catherine Harling and I work in Employee Relations.  I am contacting you because the concerns you raised we
proposed is not convenient, please suggest an alternate day/time.

Thank you and I look forward to hearing from you.

Catherine Harling | Vice President | Employee Relations | JPMorgan Chase | catherine.harling@jpmchase.com

Find answers faster! Check out **HR Help & Support** for answers to top HR questions: **APAC** I **EMEA** I L
  • For general HR help and resources, visit **me@jpmc**.
  • **Need further assistance?** Use the **HR Answers app** to submit your question.



Harling, Catherine (HR, USA)

Required   Nitollano, Asia M (CCB, USA)

tion Policy   JPMC_DeletedItems_7 (1 week)

his item will expire in 5 days. To keep this item longer apply a different Retention Policy.
We couldn't find this meeting in the calendar. It may have been moved or deleted.

Friday, February 03, 2023 11:00 AM-11:45 AM      ⊚  Dial-in: 888-575-5762 Passcode: 86005332 then #

AM    **Private Employee Relations Discussion**
Dial-in: 888-575-5762 Passcode: 86005332 then #; Harling, Catherine (HR, USA)

2 PM

Hello Asia-

My name is Catherine Harling and I work in Employee Relations.  I am contacting you because the concerns you raised we
proposed is not convenient, please suggest an alternate day/time.

Thank you and I look forward to hearing from you.

Catherine Harling | Vice President | Employee Relations | JPMorgan Chase | catherine.harling@jpmchase.com

**Find answers faster!** Check out **HR Help & Support** for answers to top HR questions:  **APAC I EMEA I L**
   • For general HR help and resources, visit **me@jpmc**.
   • **Need further assistance?** Use the **HR Answers app** to submit your question.